**\*\*E-filed 1/4/2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE CURLEE C. DENNIS

Debtor.

_____/

No. C 10-5712 RS

**ORDER DENYING MOTION FOR STAY OF NON-JUDICIAL FORECLOSURE SALE**

This is an appeal of an order of the Bankruptcy Court dismissing the bankruptcy petition of appellant Curlee C. Dennis. Appearing in *pro se*, on January 4, 2011, Dennis filed an "Emergency Ex Parte Motion to Stay Foreclosure Auction of Appellant's Property."[1] The motion seeks an order precluding Cal Western Reconveyance from conducting a non-judicial foreclosure sale of Dennis's home. Although the motion does not disclose when any such foreclosure sale is scheduled to take

---

[1] The motion is captioned for filing in the Ninth Circuit Court of Appeals, and also bears a stamp indicating it was previously filed in the Bankruptcy Court on January 3, 2011. Based on telephonic communications to Court staff from a non-attorney purporting to speak on Dennis's behalf, however, it appears that Dennis is seeking relief from this Court. Although the notice of appeal contained a reference to a possible stay pending appeal, this is the first time Dennis has filed any motion in this Court seeking any kind of stay, or otherwise requesting immediate relief.

place, the Court will presume that it is sufficiently imminent that expedited consideration of the request is warranted.

Dennis has failed to establish any basis for this Court to enjoin the foreclosure sale. As an initial matter, it is not evident that jurisdiction would lie in this bankruptcy appeal to enjoin the sale in any event. While it might be possible, if circumstances warranted, to stay the effect of the dismissal order that is under appeal, with whatever consequences to the foreclosure process that might or might not have, Cal Western Reconveyance is not a party to the bankruptcy proceedings or this appeal.

Furthermore, even if the propriety of the foreclosure were properly before the Court, Dennis's conclusory assertions that Cal Western may not legally proceed are insufficient to support issuance of what would be, in effect, a temporary restraining order. *See Winter v. N.R.D.C., Inc.*, 129 S.Ct. 365, 374 (2008) (a party seeking preliminary relief must, "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Dennis relies on a "forensic loan audit" she obtained, but that document does not constitute admissible evidence and is replete with legal conclusions, at least some of which appear to be contrary to case law. Accordingly, the motion is denied.

IT IS SO ORDERED.

Dated: 1/4/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

2

1  **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Curlee C. Dennis
13763 Campus Drive
Oakland, CA 94605

DATED:  1/4/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg